# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KING, | CASE NO. 1:09-cv-00016 DLB PC |
| Plaintiff, | ORDER FOLLOWING SCREENING OF FIRST AMENDED COMPLAINT |
| v. | (Doc. 10) |
| SUSAN HUBBARD, et al., | |
| Defendants. | THIRTY (30) DAY DEADLINE |

**Order Following Screening of First Amended Complaint**

**I.      Screening Requirement**

Plaintiff Anthony King is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act). Plaintiff filed this action on January 5, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint must contain "a short and plain statement of the claim showing that the pleader
2   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4   do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
5   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient
6   factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at
7   1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal
8   conclusion are not. Id. at 1949.

9   On April 23, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure
10  to state a claim. Plaintiff filed an amended complaint on July 13, 2009.

**II.    Summary of Plaintiff's First Amended Complaint**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The events at issue allegedly occurred at North Kern State Prison ("NKSP") and CSATF. Plaintiff names Director Susan Hubbard, Warden Lydia Hense, Associate Warden Briggs, Correctional Officer John Doe, Dr. J. Ayson, Dr. L. Dumalag, Health Care Appeals Coordinator C. Florez, Warden Ken Clark, Associate Warden J. Prud'Homme, Dr. O. Beregovskaya, and Chief Medical Officer A. Enenmoh as defendants. Plaintiff seeks money damages and injunctive relief.

On June 26, 2007, Plaintiff arrived at NKSP. Plaintiff was ordered by an unknown Defendant John Doe to relinquish his orthopaedic shoes. Plaintiff was informed that his shoes would be held for thirty days to allow Plaintiff to produce a medical chrono for their possession.

The following day, Plaintiff submitted a "Reasonable Modification or Accommodation Request" regarding his orthopaedic shoes. On August 8, 2007, Plaintiff was seen by Defendant Dumalag in response to his grievance. Defendant Dumalag did not examine Plaintiff or review his medical file, but issued Plaintiff a soft shoe chrono. The chrono was approved by Defendants Ayson and Briggs on August 16, 2007.

On August 29, 2007, Plaintiff was again seen by Defendant Dumalag, who reviewed Plaintiff's medical file and conducted an exam. Defendant Dumalag issued Plaintiff a chrono for orthopaedic

2

shoes, which was approved by Defendant Ayson. Defendant Dumalag also referred Plaintiff to Achilles Prosthetics and Orthotics ("Achilles Prosthetics").

On September 19, 2007, Plaintiff was transported to Achilles Prosthetics for an examination. A follow-up appointment was recommended in order to fit Plaintiff for orthopaedic shoes. The recommendation for orthopaedic shoes was then approved by Defendant Ayson on November 12, 2007 and Plaintiff was scheduled for a follow-up appointment on November 14, 2007.

On November 13, 2007, Plaintiff was transferred from NKSP to CSATF, and as a result he missed his November 14, 2007 appointment. On December 13, 2007, Plaintiff was issued a walker to assist with his mobility needs. On December 18, 2007, Plaintiff was seen by Defendant Dr. Beregovskaya. Defendant Beregovskaya made a medical decision regarding Plaintiff's disability status, which resulted in the confiscation of the walker. When informed of his missed appointment with Achilles Prosthetics, Defendant Beregovskaya told Plaintiff that he would "have to start the process over,"and referred Plaintiff to the orthopaedic specialist at CSATF.

On January 24, 2008, Defendant Enenmoh reviewed Defendant Beregovskaya's actions as part of an inmate grievance filed by Plaintiff, and approved the confiscation of the walker.

On February 19, 2008, MRIs of Plainitff's spine were taken. On February 27, 2008, Plaintiff was seen by Dr. Pineda[1] for a neuro-consult. Dr. Pineda recommended that Plaintiff's medication be increased and that Plaintiff be provided with a walker.

On March 19, 2008, Plaintiff was fitted for orthopaedic boots at CSATF. On April 15, 2008, Plaintiff was seen by Defendant Dr. Beregovskaya, who did not follow Dr. Pineda's February 27, 2008 recommendations. Dr. Beregovskaya did not offer an alternative course of treatment.

On April 30, 2008, Plaintiff received his orthopaedic shoes. Due to problems with the shoes they were returned for correction.

On May 19, 2008, Plaintiff was seen by a Pain Management Specialist, who recommended, *inter alia*, a LESI procedure. On May 22, 2008, Plaintiff was again seen by Dr. Beregovskaya, who referred Plaintiff back to Orthotics, and submitted a recommendation for the LESI procedure for

---

[1] Not a defendant.

approval by Defendant Chief Medical Officer Enenmoh. On July 10, 2008, Plaintiff was informed by Defendant Beregovskaya that the LESI procedure was disapproved by the Division of Corrections Health Care Services. Defendant Beregovskaya again refused to issue Plaintiff a walker or to renew Plaintiff's prescription for Baclofen.

On August 19, 2008, Plaintiff received his follow-up on the neuro-consult. Dr. Rahimifar[2] ordered a walking cane, C-spine collar and a prescription for Flexeril. Plaintiff also required a further follow-up appointment. Defendant Beregovskaya did not follow the specialist recommendations. However, on November 10, 2008, Plaintiff was prescribed Flexeril.

On November 18, 2008, Plaintiff was again seen by Dr. Rahimifar, who ordered a prescription of steroids to reduce the swelling in Plaintiff's spinal cord, and ordered a C-spine collar for Plaintiff. Two days later, Plaintiff was seen by Defendant Beregovskaya, who did not prescribe the steroid medication because there was no documentation in Plaintiff's file stating that the medication had been ordered.

On January 29, 2009, Plaintiff was taken for a further follow-up with Dr. Rahimifar. Plaintiff was diagnosed with a severe compression in his spinal cord. On January 30, 2009, Plaintiff underwent emergency surgery. Plaintiff was discharged from the hospital on February 2, 2009. On February 6, 2009, Plaintiff was issued a walker.

On February 26, 2009, Plaintiff attended a follow-up appointment with Dr. Rahimifar. On March 26, 2009, Plaintiff was informed that the screws and hardware placed during the surgery had loosened, and Plaintiff underwent further emergency surgery the following day.

Plaintiff was discharged from the hospital on April 3, 2009. Plaintiff was provided with medications, a walking cane and a cervical pillow on April 9, 2009. Plaintiff has not received his orthopaedic shoes.

**A.    Eighth Amendment - Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

---

[2] Not a defendant.

4

(9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. Defendants John Doe and Dumalag

Plaintiff's allegation that Defendant John Doe confiscated Plaintiff's orthopaedic shoes upon his arrival at NKSP does not state a cognizable Eighth Amendment claim. A determination as to whether Defendant Doe acted in violation of the Eighth Amendment does not turn on whether he acted in compliance with CDCR policies and procedures. To state a claim, Plaintiff must sufficiently alleged that Defendant Doe "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or

5

safety," Farmer, 511 U.S. at 837, and Plaintiff has not done so.

Likewise, Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Dumalag. Failing to initially examine Plaintiff or review Plaintiff's medical file before issuing him a soft shoe chrono does not rise to the level of a constitutional violation. There is no facts alleged to support an allegation that Defendant Dumalag "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Id.

### 2.     Defendants Hense, Briggs, Ayson and Florez

Plaintiff contends that Defendants Briggs, Ayson, Florez and Hense each made false statements when responding to his prison grievance. Plaintiff contends that their responses to his grievance demonstrate deliberate indifference. Plaintiff further contends that his appeal was delayed for six months as a result of unethical and unprofessional conduct.

As Plaintiff was informed in the Court's prior screening order, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. Failing to process Plaintiff's grievance for six months, or failing to respond to a letter inquiring about a prison grievance, or completing an inaccurate response to a prison grievance does not give rise to any claims under section 1983. Plaintiff's allegations to do support a claim against Defendants Briggs, Ayson, Florez or Hense for violation of the Eighth Amendment.

With respect to Defendant Florez, Plaintiff further contends that she failed to respond to

6

inquiries made in February 2008 about the status of Plaintiff's inmate medical grievance about his orthopaedic shoes, and that her conduct caused him to suffer unnecessary pain and subjected him to further injuries. However, an allegation that she delayed the processing of an inmate grievance is insufficient to demonstrate that Defendant Florez knew of and disregarded an excessive risk of harm to Plaintiff.

### 3. Defendants Beregovskaya, Enenmoh, Prud'Homme, Clark and Hubbard
#### a. Confiscation of Walker; Scheduling of Appointment for Orthopaedic Shoes

Plaintiff contends that as a result of Defendant Beregovskaya's medical decision, Plaintiff's walker, issued to him five days earlier, was taken away. Plaintiff contends that her actions were subsequently approved by Defendant Enenmoh.

Plaintiff also contends that Defendant Beregovskaya acted in violation of the CDCR Inmate Medical Services Policies and Procedures, presumably by not prioritizing his missed November 14, 2007 appointment with Achilles Prosthetics and informing him to restart the process for obtaining orthopaedic shoes.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). Defendant Beregovskaya's medical decision to confiscate the medical walker does not rise to the level of a constitutional violation. Plaintiff has not sufficiently alleged that at the time, her decision was medically unacceptable, or that she acted with deliberate indifference. Likewise, Plaintiff's allegation that Defendant Enenmoh approved her actions when responding to Plaintiff's grievance does not amount to a constitutional violation.

With respect to Plaintiff's allegation that Defendant Beregovskaya informed Plaintiff that he must restart the procedure for scheduling treatment for his orthopaedic shoes, Plaintiff has not alleged that Defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety."

Farmer, 511 U.S. at 837.  An allegation that her actions were not in conformance with CDCR Inmate Medical Services Policies and Procedures is not enough to demonstrate a violation of the Eighth Amendment.  Likewise, Plaintiff's allegation that Defendants Enenmoh and Prud'Homme violated the CDCR Inmate Medical Services Policies and Procedures, without more, does not state a cognizable Eighth Amendment claim.  Plaintiff must show that each defendant knew of and disregarded an excessive risk of harm to his safety.

### b.     Failure to Follow Specialist Orders

Plaintiff contends that on several occasions, Defendant Beregovskaya refused to follow specialist orders from Dr. Pineda that Plaintiff be provided with a walker and that his medication be increased.  Plaintiff contends that she did so without providing any alternative course of treatment.

Plaintiff further contends that Defendant Beregovskaya failed or refused to follow orders from Dr. Rahimifar that Plaintiff be issued a walking cane, C-spine collar and a prescription for Flexeril.

Finally, Plaintiff alleges that both Defendants Beregovskaya and Enenmoh refused or failed to provide Plaintiff with steroid medication to reduce the swelling in his spinal cord, as ordered by Defendant Rahimifar.

Based on the minimal federal notice pleadings standards, Plaintiff's allegations are sufficient to support a claim for relief under the Eighth Amendment against Defendants Beregovskaya and Enenmoh.

### c.     Medical Treatment Following Spinal Surgeries

Plaintiff underwent emergency spinal surgery on January 30, 2009.  At his March 26, 2009 follow-up appointment, Plaintiff was informed by Defendant Rahimifar that his complaints of trouble swallowing and pain were likely due to the loosening of the screws and hardware, which necessitated a second emergency surgery performed March 27, 2009.

Plaintiff alleges that the follow-up was to be conducted one month after the surgery but was delayed. Plaintiff contends that Defendants Hubbard, Clark, Enenmoh and Beregovskaya "knowingly and willingly" left Plaintiff with loose hardware and screws in his cervical spine for over a month.

It appears that Plaintiff is alleging a delay in medical treatment and the Court does not doubt Plaintiff's allegation that he was in pain during that time.  However, Plaintiff must demonstrate that

each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff has not indicated which of the Defendants' acts or omissions caused the delay in his receipt of medical care. Plaintiff will be provided with leave to amend.

### B. Due Process and Equal Protection - Inmate Appeals Process

Plaintiff alleges that Defendants have violated both the Due Process and Equal Protection Clauses of the Fourteenth Amendment by failing, delaying and refusing to allow Plaintiff to resolve his medical issues through the grievance process.

As discussed previously, the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640; Massey, 259 F.3d at 647.

Plaintiff claims fail as a matter of law.

### C. Due Process - Abuse, Harassment, Intimidation

Plaintiff alleges that Defendants' conduct as described above constitutes abuse, harassment, and intimidation. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### D. Equal Protection Clause - Discrimination

Plaintiff contends that Defendant Beregovskaya provides Caucasian inmates with mobility impairment aids and appliances, but has not provided Plaintiff, who is black, with the same benefit.

"Section 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). Conclusory allegations are insufficient to state a claim, and Plaintiff has not sufficiently alleged any facts showing that Defendant Beregovskaya acted with an intent or purpose to discriminate against Plaintiff based upon membership in a protected class, Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff fails to state a viable claim.

### E. Americans with Disabilities Act ("ADA")

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Furthermore, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

Individual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue his ADA claim against the individual defendants named.

### III. Conclusion and Order

Plaintiff states a cognizable Eighth Amendment claim against Defendants Beregovskaya and Enenmoh, but fails to state a viable claim against Defendants John Doe, Dumalag, Hense, Clark, Hubbard, Ayson, Briggs, Prud'Homme, or Florez. Plaintiff also fails to state a claim for violation of the Fourteenth Amendment or the Americans with Disabilities Act. Plaintiff was previously provided with the legal standards most applicable based on his allegations.

The Court will provide Plaintiff with one final opportunity to file an amended complaint, limited to his Eighth Amendment medical care claim. Plaintiff is not granted leave to amend his Fourteenth Amendment or ADA claims, and those claims are dismissed with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Beregovskaya and Enenmoh on

his Eighth Amendment claim, Plaintiff may so notify the Court in writing, and the other defendants will be dismissed. Plaintiff will then be provided with two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Beregovskaya and Enenmoh

If Plaintiff opts to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49. Allegations that a Defendant failed to supervise his or her subordinates are insufficient to state a claim.

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Due Process Clause, Equal Protection Clause, and Americans With Disabilities Act claims are DISMISSED with prejudice;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is GRANTED leave to amend his Eighth Amendment claim. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File a second amended complaint curing the deficiencies with his Eighth Amendment claim identified by the Court in this order, or

11

      b.      Notify the Court in writing that he does not wish to file a second amended complaint and is willing to proceed only against Defendants Beregovskaya and Enenmoh for violation of the Eighth Amendment; and

4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 18, 2009**                  **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE