# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KING, | CASE NO. 1:09-CV-00016-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| SUSAN HUBBARD, et al., | (DOC. 30) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN EIGHTEEN DAYS |

**Findings And Recommendations**

**I.      Background**

Plaintiff Anthony King ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, field July 13, 2009, against Defendants Beregovskaya and Enemoh for violation of the Eighth Amendment. Pending before the Court is Defendants' motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust available administrative remedies, filed February 25, 2011. Defs.' Mot. Dismiss, Doc. 30. On April 14, 2011, Plaintiff filed his opposition. Pl.'s Opp'n, Doc. 35.[1] On April 21, 2011, Defendants filed their reply. Defs.'

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on September 9, 2010. Second Informational Order, Doc. 18; *Wyatt v.*

1

Reply, Doc. 36.  The matter is submitted pursuant to Local Rule 230(l).

## II.     Summary Of Amended Complaint

Plaintiff filed his first amended complaint on January 6, 2009.  Plaintiff alleges the following.  On June 26, 2007, Plaintiff arrived at North Kern State Prison.  Plaintiff was ordered to relinquish his orthopedic shoes.  Plaintiff was informed that his shoes would be held for thirty days to allow Plaintiff to produce a medical chrono for their possession.

On November 13, 2007, Plaintiff was transferred from NKSP to California Substance Abuse Treatment Facility ("CSATF").   Plaintiff was not in possession of any orthopedic shoes.  On December 13, 2007, Plaintiff was issued a walker to assist with his mobility needs.  On December 18, 2007, Plaintiff was seen by Defendant Dr. Beregovskaya.  Defendant Beregovskaya made a medical decision regarding Plaintiff's disability status, which resulted in the confiscation of the walker.  Defendant Beregovskaya referred Plaintiff to the orthopaedic specialist at CSATF.

On January 24, 2008, Defendant Enenmoh reviewed Defendant Beregovskaya's actions as part of an inmate grievance filed by Plaintiff, and approved the confiscation of the walker.  On February 19, 2008, MRIs of Plaintiff's spine were taken.   On February 27, 2008, Plaintiff was seen by Dr. Pineda for a neuro-consult.  Dr. Pineda recommended that Plaintiff's medication be increased and that Plaintiff be provided with a walker.

On March 19, 2008, Plaintiff was fitted for orthopaedic boots at CSATF.  On April 15, 2008, Plaintiff was seen by Defendant Dr. Beregovskaya, who did not follow Dr. Pineda's February 27, 2008 recommendations. Dr. Beregovskaya did not offer an alternative course of treatment.

On April 30, 2008, Plaintiff received his orthopedic shoes.  Due to problems with the shoes they were returned for correction.  On May 19, 2008, Plaintiff was seen by a Pain Management Specialist, who recommended, *inter alia*, a LESI[2] procedure.  On May 22, 2008,

---

*Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

[2] Lumbar Epidural Steroid Injection.

Plaintiff was again seen by Defendant Dr. Beregovskaya, who referred Plaintiff back to Orthotics, and submitted a recommendation for the LESI procedure for approval by Defendant Chief Medical Officer Enenmoh. Defendant Beregovskaya again refused to issue Plaintiff a walker or to renew Plaintiff's prescription for Baclofen. On July 10, 2008, Plaintiff was informed by Defendant Beregovskaya that the LESI procedure was disapproved by the Division of Corrections Health Care Services.

On August 19, 2008, Plaintiff received his follow-up on the neuro-consult. Dr. Rahimifar ordered a walking cane, C-spine collar and a prescription for Flexeril. Plaintiff also required a further follow-up appointment. Defendant Beregovskaya did not follow the specialist recommendations. However, on November 10, 2008, Plaintiff was prescribed Flexeril.

On November 18, 2008, Plaintiff was again seen by Dr. Rahimifar, who ordered a prescription of steroids to reduce the swelling in Plaintiff's spinal cord, and ordered a C-spine collar for Plaintiff. Two days later, Plaintiff was seen by Defendant Beregovskaya, who did not prescribe the steroid medication because there was no documentation in Plaintiff's file stating that the medication had been ordered. Defendants Enenmoh and Beregovskaya refused to follow Dr. Rahimifar's prescription.

Plaintiff contends a violation of the Eighth Amendment by Defendants Enenmoh and Beregovskaya for their failure to follow the specialist's orders, namely doctors Pineda and Rahimifar.

### III.     Exhaustion Of Administrative Remedies

#### A.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

3

*Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.    Discussion**

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that Plaintiff failed to exhaust administrative remedies as to both

4

Defendants. The Court will examine the arguments for each Defendant separately.[3]

### 1.   Defendant Beregovskaya

Defendants contend that Plaintiff failed to exhaust administrative remedies as to Defendant Beregovskaya. Defs.' Mot. Dismiss 6:8-21. Defendants contend that SATF-M-08-2081, a grievance against Defendant Beregovskaya for her medical care to Plaintiff, was not exhausted until July 20, 2009, which would make Plaintiff's complaint premature regarding exhaustion. *Id.* Plaintiff contends that he exhausted all administrative remedies that were available, and that when Defendants failed to meet the response deadlines, Plaintiff's administrative remedies were effectively exhausted. Pl.'s Opp'n 5-8, 11. Plaintiff submits inmate grievances Nos. SATF-M-08-2081 and SATF-33-08-20996 as exhibits in support, including the Director's level responses. Pl.'s Opp'n, Exs. A, A-1, B, B-1.

It is clear that Defendants' evidence contains several errors. Grievance No. SATF-M-08-2081 received a response at the Director's level on June 26, 2009. Plaintiff's grievance No. SATF-33-08-20996 specifically concerns a complaint against Defendant Beregovskaya for denial/delay of medical care. Defendants contend, however, that Plaintiff "jumped the gun" and filed his complaint before exhausting administrative remedies. Defs.' Reply 7:1-13.

The Court will examine Plaintiff's remaining claims in this action. Plaintiff's first claim accrued on April 15, 2008, when Defendant Beregovskaya failed to follow Dr. Pineda's recommendation for increased medication and a walker, and did not provide an alternate treatment. Under the CDCR's administrative grievance process at the time, Plaintiff was to file an inmate grievance within fifteen days of the event being appealed. Plaintiff submitted inmate grievance No. SATF-M-08-02806 on April 29, 2008, complaining of Defendant Beregovskaya's conduct. Defs.' Mot. Dismiss, Defs.' Ex A-4. Director's level review was completed on June 26, 2009. Pl.'s Opp'n, Pl.'s Ex. A. However, Plaintiff initiated this action when Plaintiff's

---

[3] Defendants and Plaintiff also contest whether Plaintiff stated a due process claim. Defs.' Mot. Dismiss 6:24-7:21; Pl.'s Opp'n 17:6-10. However, the Court had previously found that Plaintiff failed to state a due process claim. Order, Doc. 15. There is no dispute as to a due process claim.

original complaint was filed on January 5, 2009.[4] All prisoners are required to exhaust administrative remedies through the inmate grievance process prior to initiating their suit. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d at 1199-1201. Plaintiff did not exhaust administrative remedies as to this claim prior to initiating this action. Plaintiff contends that CDCR and prison officials delayed in their responses to his actions, which is true. However, Plaintiff did not provide CDCR the opportunity to respond to Plaintiff's administrative grievances fully before he filed his suit. Plaintiff filed his appeal to the Director's level on October 2, 2008. The Director's level thus had at least until December 31, 2008 in which to file their response. However, Plaintiff did not wait to receive the Director's level response before initiating this suit. Plaintiff was later notified on April 29, 2009, that unforeseen delays prevented a timely Director's level response, but that a response would be forthcoming. Pl.'s Opp'n, Ex. A-1. Prisoners are required to exhaust administrative remedies through the inmate grievance process prior to initiating their suit. Plaintiff did not. Accordingly, Plaintiff's claim against Defendant Beregovskaya for the April 15, 2008 incident should be dismissed without prejudice. *Wyatt*, 315 F.3d at 1119-20.

Plaintiff's second claim accrued on May 22, 2008, when Defendant Beregovskaya again refused to issue Plaintiff a walker or to renew Plaintiff's prescription for Baclofen. No inmate grievances regarding this issue were filed within fifteen days, as required by the CDCR's inmate grievance process. Thus, Plaintiff did not exhaust administrative remedies as to this claim prior to initiating this action. Accordingly, Plaintiff's claim against Defendant Beregovskaya for the May 22, 2008 incident should be dismissed without prejudice. *Wyatt*, 315 F.3d at 1119-20.

Plaintiff's third claim accrued on November 20, 2008, when Defendant Beregovskaya did not prescribe steroid medication because there was no documentation in Plaintiff's file stating

---

[4] Plaintiff's original complaint complained of Defendant Beregovskaya's conduct, which occurred prior to the initiation of this action. The complaint is deemed filed pursuant to the prison mailbox rule. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). It is unclear when Plaintiff delivered his complaint for mailing. Plaintiff's complaint is signed on December 30, 2008.

that the medication had been ordered.  No inmate grievances regarding this issue were filed within fifteen days, as required by the CDCR's inmate grievance process.[5]  Thus, Plaintiff did not exhaust administrative remedies as to this claim prior to initiating this action.  Accordingly, Plaintiff's claim against Defendant Beregovskaya for the November 20, 2008 incident should be dismissed without prejudice.  *Wyatt*, 315 F.3d at 1119-20.

### 2. Defendant Enenmoh

Defendants contend that Plaintiff failed to put prison officials on notice as to Plaintiff's claims against Defendant Enenmoh through the prison grievance process.  Defs.' Mot. Dismiss 5:8-19.  Plaintiff contends generally that he does not have to specifically name a Defendant in the inmate grievance process.  Pl.'s Opp'n.  When an inmate grievance system is silent as to factual specificity, as is the case with CDCR, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  Plaintiff's claim against Defendant Enenmoh concerned his alleged failure to follow Dr. Rahimifar's November 18, 2008 recommendation for steroid medication.  It is unclear when or how Defendant Enenmoh denied Plaintiff the steroid medication.  Nonetheless, there is no record of administrative grievances filed regarding this incident.  Plaintiff did not exhaust administrative remedies as to this claim prior to initiating this action.  Accordingly, Plaintiff's claim against Defendant Enenmoh for this incident should be dismissed without prejudice.  *Wyatt*, 315 F.3d at 1119-20.

## IV. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' unenumerated 12(b) motion to dismiss for Plaintiff's failure to exhaust available administrative remedies, filed February 25, 2011, be GRANTED in full;

---

[5] Grievance No. SATF-33-08-20996 was filed on November 19, 2008.  Plaintiff complained of delays by Defendant Beregovskaya.  The Director's level issued a response on March 17, 2010.  This grievance cannot be used to demonstrate exhaustion of administrative remedies as to Plaintiff's claim.

7

2.  Plaintiff's claims against Defendants Beregovskaya and Enenmoh be DISMISSED without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

3.  Defendants Beregovskaya and Enenmoh be DISMISSED from this action; and

4.  The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **eighteen (18) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 29, 2011**           **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE